WM. INGLES and W. W. WALKER, plaintiffs in error, *vs.*
P. W. WALKER, administrator of ELIJAH WALKER, deceased, defendant in error.

Elijah Walker became accommodation endorser for Walker, O'Keefe &
Co. The firm was dissolved, and each partner gave to the other, bond
and security to protect him from the firm debts. Elijah Walker was
sued on his said endorsement. Judgment was obtained against him,
and he paid it. He afterwards died. All this occurred in Tennessee.
Walker's administrator, appointed in Tennessee, filed a bill praying
that the securities on said indemnifying bonds should account to him
as such administrator, and repay the estate the amount paid out by
Walker on said judgment. *Held* that a demurrer to the bill was properly overruled.

Bill for relief. Demurrer. Decided by Judge Warner.
Fulton Superior Court. April Term, 1867.

The case made by the bill was as follows: Plaintiffs in
error, W. W. Walker, J. H. Walker and C. T. O'Keefe,
composed the firm of Walker, O'Keefe & Co. The partnership was dissolved in 1860. Elijah Walker, the intestate of
defendant in error, P. W. Walker, had endorsed several
notes—one from Walker, O'Keefe & Co., to A. G. Bruce & 
Co., and several to Day, Griswold & Co. At the dissolution,
the coparters, Walker & Walker, undertook to pay certain of
the firm debts, and they, with Elijah Walker as their surety,
gave to O'Keefe a bond to save him harmless from these
debts. O'Keefe, likewise, undertook to pay a portion of the
firm indebtedness, and he gave bond, with plaintiff in error,
Ingles, as his surety, to save the Walker partners harmless
from the debts thus assumed by him. Some of the notes to
A. G. Bruce & Co., and to Day, Griswold & Co., were embraced in the O'Keefe and Ingles' bond. O'Keefe failed to
pay the Day, Griwsold & Co. note. They were sued, and the
property of plaintiff in error, W. W. Walker, was sacrificed
to satisfy them. He failed also to pay the A. G. Bruce & Co.
notes. They were sued and the property of the firm endorser,
Elijah Walker, was sold to pay them.

J. H. Walker is dead and his estate is unrepresented.

Plaintiff in error, W. W. Walker, resides in Tennessee, in which State these matters occurred. Defendant in error sued by virtue of letters of administration granted to him by the Courts of Tennessee. O'Keefe died in Georgia; but the twelve months not having expired, his administrator was not made a party. Ingles, the surety on O'Keefe's bond, resided in Fulton county, and he and W. W. Walker, were the defendants.

The prayer of the bill was, that the defendants be compelled to pay to complainant the amount which his intestate has paid, and that as to said amount, and interest thereon, he be subrogated to all the rights and claims of the copartners, Walker & Walker, or either of them, against O'Keefe's estate and his surety, Ingles.

The bill was demurred to on the following grounds:

1st. There was no equity in the bill.

2d. Complainant has a full, adequate and complete remedy at law.

3d. The bill discloses no sufficient ground on which complainant can be subrogated to the rights of W. W. Walker as the obligee of the O'Keefe and Ingles' bond.

The Court overruled the demurrer, and that is assigned for error in this Court.

L. E. BLECKLY, JNO. L. HOPKINS, for plaintiffs in error.

W. H. SNEED, for defendant in error.

HARRIS, J.

The question for the decision of this Court is, whether the bill of the administrator of Elijah Walker, deceased, can be maintained. The facts, shortly, are, that Elijah Walker, the intestate, became *accommodation* endorser on notes made by the firm of Walker, O'Keefe & Co.; that, upon the dissolution of that firm, the partners severally executed to each other, with security, their bonds of indemnity against the debts of the firm. Subsequently, suit was instituted against Elijah Walker, the accommodation endorser of some of the notes

given by the firm whilst the partnership existed, and judgment had, and execution issued to enforce it, and was levied on a large amount of the property of the intestate and sold, and the proceeds of the sale were applied in satisfaction of the judgment so rendered.

The administrator, after reciting these facts in his bill (and they are not disputed) prayed that to the extent of the payments made with the proceeds of the sale of the intestate's property in satisfaction of these firm debts on which his intestate was accommodation endorser, the securities of the partners on the indemnifying bonds;* (their principals being insolvent) should account to complainant as administrator, and reimburse the estate the amount so paid by it.

The equity in behalf of the estate of Elijah Walker upon the facts, is so manifest that their statement is the only argument which the case demands.

Judgment affirmed.

*The bill did not allege insolvency—REPORTER.